IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GEORGE LONGORIA, TDCJ-CID NO.00702917, Petitioner, | § § § § | |
| v. | § § | CIVIL ACTION H-12-3023 |
| RICK THALER, | § § § | |

## MEMORANDUM AND ORDER ON DISMISSAL

Petitioner George Longoria, a state inmate, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking relief from a 1995 murder conviction in the 103rd State District Court of Willacy County, Texas. Petitioner's first federal habeas petition challenging this conviction was dismissed as time-barred. Longoria v. State of Texas, Civil Action No.B-01-0030 (S.D. Tex. Sept. 24, 2001).

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2). A petition is successive when, as here, it raises a claim or claims challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition, or otherwise constitutes an abuse of the writ. See In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). The fact that the earlier petition was dismissed with prejudice on limitations grounds does not remove the subsequent petition from the

second-successive requirements of § 2244(b). *See* Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999). *Compare* Gonzalez v. Crosby, 545 U.S. 524, 533 n. 6, 125 S.Ct. 2641, 2648 n. 6, 162 L.Ed.2d 480 (2005). Thus, before such a petition is filed in federal district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3).

From the face of this petition and court records, of which this court takes judicial notice, it is apparent that this is a successive petition filed without authorization from the Fifth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(1)-(3). This Court is, therefore, without jurisdiction to consider the petition. Id.; Hooker, 187 F.3d at 681-82.

Accordingly, this action is DISMISSED without prejudice to seeking authorization from the court of appeals to proceed in this Court on any new claims.

Petitioner has not made a substantial showing that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and that such jurists "would find it debatable whether the district court was correct in its procedural ruling." Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). For this reason, this Court finds that a certificate of appealability should not

issue in this case.

Accordingly, the Court ORDERS the following:

1. The pending habeas petition is DISMISSED WITHOUT PREJUDICE.

2. A certificate of appealability is DENIED.

3. Petitioner's application to proceed *in forma pauperis* (Docket Entry No.3) is DENIED.

4. All other pending motions, if any, are DENIED.

SIGNED at Houston, Texas, on November 9, 2012.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE